UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEVIN MIZELL,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

19-CV-6849 (RJS)

14-CR-0212 (RJS)

MEMORANDUM & ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

Petitioner Tevin Mizell petitions pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c) following his guilty plea (the "Petition"). (Doc. No. 929.)[1] Mizell, who was previously incarcerated and is now serving the remainder of his sentence in a halfway house, argues that his conviction under § 924(c) is invalid in light of the Supreme Court's opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons set forth below, the Petition is DENIED.

## I. BACKGROUND

Superseding Indictment S3 14 Cr. 212 (RJS) (the "Indictment") charged twenty defendants in eight counts; Mizell was named in three of those. (Doc. No. 163.) Count One charged Mizell and others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and listed the predicate racketeering acts as (i) "multiple acts involving murder, in violation of New York Penal Law, Sections 20.00, 105.15, 110.00, and 125.25;" (ii) "multiple acts involving robbery, in violation of New York Penal Law, Sections 20.00, 105.10, 110.00, 160.05, and 160.10;" (iii) "multiple acts indictable under Title 18, United States Code, Sections 1951 and 2 (Hobbs Act

---

[1] Unless otherwise indicated, all docket citations are to 14-cr-212 (RJS).

robbery);" and (iv) "multiple acts involving the distribution of controlled substances, including 280 grams and more of crack cocaine, marijuana, and MDMA, in violation of . . . Title 21, United States[ ] Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2." (*Id.* at 6–7.) Count Three charged Mizell and others with using, carrying, and discharging firearms in furtherance of both the racketeering conspiracy charged in Count One and a narcotics conspiracy charged in Count Two,[2] in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count Seven charged Mizell and a co-defendant with assault with a deadly weapon and attempted murder in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5), and 2.

On November 13, 2014, Mizell pleaded guilty to Counts One and Three, pursuant to a plea agreement (the "Plea Agreement"), before a United States Magistrate Judge. In its colloquy with the Court, the government described Count Three as charging Mizell with "possession of a firearm during and in relation to a crime of violence, which is the racketeering conspiracy charged in Count One." (Doc. No. 271 at 14–15.) During his plea, Mizell swore under oath that from around 2006 through November 2013, he "was a member of Murda Moore Gangstas, known as MMG," and that he "agreed with others to participate in activities of MMG, including possession of a firearm." (*Id.* at 38.) He further stated that he "knew that other MMG members were engaged in criminal activity, including drug dealing and robberies and assaults." (*Id.*) He also admitted that "[o]n November 16, 2013, [he] agreed with others to participate in a Bronx shooting" during which he "fired a gun in the general vicinity of rival gang members." (*Id.*)

On December 1, 2014, the Court accepted Mizell's plea of guilty. (Doc. No. 280.) On July 10, 2015, the Court sentenced Mizell to an aggregate term of 90 months' imprisonment (30 months on Count One to be followed by a mandatory consecutive term of 60 months on Count

---

[2] Mizell was not named in Count Two of the Indictment.

Three) and five years' supervised release; the Court also imposed a $200 mandatory special assessment. (Doc. No. 552.) Mizell appealed his conviction, arguing for the first time that the government breached the Plea Agreement by proposing a Criminal History Category of II in its sentencing submission, instead of a Criminal History Category of I as stipulated in the Plea Agreement. *United States v. Mizell*, 671 F. App'x 826, 829 (2d Cir. 2016). The Second Circuit affirmed the conviction and sentence on November 3, 2016, finding that although the government breached the Plea Agreement, the breach had no impact on Mizell's sentence. *Id.* at 830.

On July 18, 2019, Mizell filed a petition pursuant to 28 U.S.C § 2255 to vacate his conviction and sentence on Count Three – the § 924(c) count – in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) (the "Petition"). (Doc. No. 929.) In its initial response, the government opposed Mizell's Petition, arguing that although Mizell's conviction for conspiracy to commit racketeering no longer qualifies as a crime of violence under § 924(c), Mizell had procedurally defaulted any challenge to his conviction by waiting nearly five years to bring his petition. (Doc. No. 942.) The government further contended that Mizell's § 924(c) conviction was valid on the merits, since his use of a firearm was in furtherance of both the conspiracy to commit racketeering *and* a drug trafficking conspiracy, the latter of which was still a lawful predicate for a § 924(c) conviction after *Davis*. (*Id*.) In his initial reply, Mizell responded that his claim is not procedurally barred because he is innocent of the drug trafficking predicate. (Doc. No. 944.) The Court subsequently appointed the Federal Defenders of New York to represent Mizell going forward (Doc. No. 953), and on November 5, 2019, the Federal Defenders submitted a supplemental memorandum of law arguing that Mizell's Petition is not procedurally barred because his appellate counsel was ineffective for failing to raise a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual

clause of 18 U.S.C. § 924(e)(2)(B), a statutory provision similar to § 924(c), was void for vagueness (Doc. No. 967).  On November 19, 2019, the government submitted a supplemental response, arguing that Mizell's former counsel was not ineffective for failing to raise a claim under *Johnson* because the Second Circuit had not extended *Johnson* to claims under § 924(c) at the time of Mizell's appeal.  (Doc. No. 969.)  We address each argument in turn.

## II. LEGAL STANDARD

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).  The "procedural default rule" constitutes one of such rules – a defendant cannot bring a claim on collateral review that "could have been brought on direct appeal . . . absent cause and prejudice."  *Id.* at 54.  In other words, "[i]n order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner

must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." *Id.* (quoting *Mar-one v. United States*, 10 F.3d 65, 67 (2d Cir. 1993)).

One such form of "cause" that can overcome a procedural bar is constitutionally ineffective assistance of counsel. *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991). The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to the assistance of counsel. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). When challenging the effectiveness of counsel's assistance, a party must demonstrate both of the prongs set forth in *Strickland v. Washington*, specifically that (1) counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms," and (2) this "deficient performance prejudiced the defense" in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687–88, 694 (1984). A court must reject a movant's ineffective assistance of counsel claim if it fails to meet either prong. *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (citing *Strickland*, 466 U.S. at 687, 690, 694, and *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011)).

When evaluating counsel's conduct, a court must do so "on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *Gibbons v. Savage*, 555 F.3d 112, 122 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 690–91); *see also Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible

options are virtually unchallengeable."). In that regard, the Supreme Court has further held that a defendant does not have a constitutional right to insist that appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 750–51 (1983). Instead, "counsel, as a matter of professional judgment," must decide which arguments to present to the appellate court. *Id.* at 751. Indeed, any standard requiring appellate counsel "to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy." *Id.* at 754. Thus, to establish ineffective assistance based on a failure to raise a viable argument, a petitioner must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo*, 13 F.3d at 533.

A petitioner can alternatively overcome a procedural default if he can establish actual innocence, *i.e.*, that "in light of all the evidence," it is "'more likely than not that no reasonable juror would have convicted him.'" *United States v. Thorn*, 659 F.3d 227, 233–34 (2d Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

### III.  DISCUSSION

#### A.  Ineffective Assistance

Mizell argues that his appellate counsel was ineffective for failing to argue that *Johnson*, despite involving a different statutory provision, compelled vacatur of Mizell's conviction under § 924(c). In support of his argument, Mizell points to the "avalanche[] of litigation on the application of *Johnson*'s void-for-vagueness principle to other sentencing enhancements," as well as the Federal Defenders' Continuing Legal Education ("CLE") programs and blog postings regarding the impact of *Johnson*. (Doc. No. 967 at 12–13.).

But although the Supreme Court decided *Johnson* on June 26, 2015 – about a month before Mizell filed his appeal – it did not decide *Davis* until nearly four years later. It is well-settled that

6

"[c]ounsel is not required to forecast changes in the governing law." *Mayo*, 13 F.3d at 533; *see United States v. Kimber*, 777 F.3d 553, 563 (2d Cir. 2015) ("[A]n attorney is not required to forecast changes or advances in the law in order to provide effective assistance." (internal quotation marks omitted)); *Harrington v. United States*, 689 F.3d 124, 131 (2d Cir. 2012) ("[C]ounsel cannot be deemed constitutionally ineffective for failing to anticipate later Supreme Court rulings.").

In fact, a year before *Davis* the Second Circuit distinguished § 924(c)(3) from the residual clause in *Johnson* on the grounds that the former did not concern prior convictions but rather "crimes of *pending* prosecution." *United States v. Barrett*, 903 F.3d 166, 182 (2d Cir. 2018), *cert. granted*, *judgment vacated*, 139 S. Ct. 2774 (2019), *and abrogated by Davis*, 139 S. Ct. 2319. The Second Circuit emphasized that "a conduct-specific identification of a predicate offense as a crime of violence can be made without raising either of the constitutional concerns that have informed the Supreme Court's categorical-approach jurisprudence." *Id.* Accordingly, even if it could be argued that *Johnson* provided all "the tools to construct" a constitutional vagueness challenge to § 924(c)(3), *Engle v. Isaac*, 456 U.S. 107, 133 (1982), the outcome of *Davis* was not so obvious that it was *objectively unreasonable* for counsel to rely on then-binding Second Circuit precedent, *see Elliott v. United States*, No. 17-cr-128 (ARR), 2019 WL 6467718, at *5 (E.D.N.Y. Dec. 2, 2019), *reconsideration denied*, 2020 WL 127640 (E.D.N.Y. Jan. 10, 2020) (declining to find counsel ineffective for failing to anticipate "that § 924(c)'s residual clause was unconstitutional because the U.S. Supreme Court had not yet decided *Davis*" and "[t]he residual clause was also not unconstitutional under this circuit's case law").

B.  Actual Innocence

Because Mizell is unable to establish ineffective assistance, he can only overcome the procedural bar by showing "actual innocence." *Bousley*, 523 U.S. at 622–23.  The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" had the case gone to trial.  *Id.* (internal quotation marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (emphasizing that this standard applies even if the defendant pleaded guilty).  The Supreme Court has emphasized that "[i]n cases where the [g]overnment has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  *Bousley*, 523 U.S. at 624.  "[R]eviewing courts should assess actual innocence claims in light of all the evidence regardless of admissibility but with proper consideration for the weight the evidence can bear in light of relevance and reliability." *Hyman v. Brown*, 927 F.3d 639, 659 (2d Cir. 2019) (internal quotation marks omitted); *cf. United States v. Miller*, 954 F.3d 551, 559 & n.23 (2d Cir. 2020) (noting that, in the plain error context, the reviewing court may look beyond the trial record in determining whether an error affects the fairness, integrity, or public reputation of judicial proceedings).

Here, Mizell has not demonstrated that he is actually innocent.  Although Mizell allocuted only to possession of a firearm during and in relation to a crime of violence, namely "the racketeering conspiracy charged in Count One" (Doc. No. 271 at 14–15), the Indictment charged Mizell with a § 924(c) count based both on the racketeering conspiracy charged in Count One *and* the drug trafficking conspiracy charged in Count Two (Doc. No. 163 at 12).  Notably, since "[t]he

8

plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have been committed," but "does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it," *Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir.), *cert. denied*, 136 S. Ct. 209 (2015), the fact that the government did not charge Mizell with the narcotics conspiracy in Count Two does not preclude a § 924(c) charge based on that conspiracy. In addition, the racketeering conspiracy charge to which Mizell pleaded guilty was based on predicates that included "multiple acts involving the distribution of controlled substances, including 280 grams and more of crack cocaine, marijuana, and MDMA," in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, and 18 U.S.C. § 2. (Doc. No. 163 at 6–7.)

Significantly, Mizell admitted during his plea allocution that he "agreed with others to participate in [the] activities of MMG, including possession of a firearm," and that he "knew that other MMG members were engaged in criminal activity, including drug dealing and robberies and assaults." (Doc. No. 278 at 31.) Upon questioning from the Court, he further acknowledged that he knew MMG "engaged in drug dealing and robberies and shooting of rival gangs." (*Id.*) Mizell did not object to the government's summary of proof, which indicated that MMG "was engaged in a variety of criminal activities, including multiple shootings, robberies, assaults, and drug dealing," that "the enterprise affected interstate commerce through its narcotics-trafficking activities," and that, "in addition, other members robbed drug dealers who were engaged in narcotics-trafficking activities." (*Id.* at 34.)[3]

---

[3] The Second Circuit's decision in *United States v. Rivera*, 679 F. App'x 51 (2d Cir. 2017), while not an "actual innocence" case, provides further support for the Court's assessment of the case at hand. In *Rivera*, the defendant, who "pleaded guilty to an indictment charging murder in the course of a robbery of narcotics and narcotics proceeds," argued that the robbery predicate was no longer a "crime of violence" that could validly sustain his conviction. *Id.* at 55 (internal quotation marks omitted). The Second Circuit affirmed his conviction, noting that even if the robbery predicate was not a crime of violence, "the charged robbery was in furtherance

Moreover, since we look to the record as a whole, *Hyman*, 927 F.3d at 659, we may also consider Mizell's presentence report ("PSR") – the facts of which were undisputed – to find that Mizell possessed and discharged firearms in furtherance of a drug conspiracy. Specifically, the PSR lists Mizell as one of the five founders of MMG (*id.* ¶¶ 19-26), an enterprise designed to enrich its members based in part on the sale of controlled substances (*id.* ¶¶ 28, 29). It further notes that Mizell used firearms to threaten rival gang members and to extend the scope of the gang's drug distribution territory. (*Id.* ¶¶ 39–41, 50–52.) Finally, it states that "[f]rom at least 2006 through April 2014," Mizell and other members of MMG, "during and in relation to the racketeering conspiracy and the narcotics conspiracy, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were discharged." (*Id.* ¶ 52.)

The Court recognizes that at least three other courts in this district have recently vacated defendants' convictions where the defendant allocated to one (now invalid) predicate but not another (valid) predicate charged in the indictment. *Clayton v. United States*, No. 10-cr-772 (JGK), 2020 WL 1989395, at *4 (S.D.N.Y. Apr. 27, 2020); *Aquino v. United States*, No. 13-cr-536 (PKC), 2020 WL 1847783, at *3 (S.D.N.Y. Apr. 13, 2020); *Camacho v. United States*, No. 13-cr-58 (AKH), 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019). As an initial matter, those courts found "cause" sufficient to overcome procedural default "because, prior to *Johnson*, *Davis*, and *Barrett* . . . , 'Second Circuit caselaw at the time of [defendant's] direct appeal foreclosed his

---

of the conspiratorial drug trafficking scheme," and the defendant stated during his plea allocution that he "was involved in a narcotics conspiracy, wherein he had agreed to assist in committing a robbery of an individual delivering drugs, in the course of which a confederate used that gun to murder the person being robbed." *Id.* (internal quotation marks and brackets omitted). The Second Circuit found that the defendant's "admission established that a gun was used in the course not only of a robbery but also of the drug trafficking conspiracy that the robbery furthered." *Id.* (internal quotation marks omitted). Here, Mizell's own admissions similarly demonstrate that his conviction under § 924(c) was grounded in the charged drug conspiracy predicate.

10

§ 924(c) argument.'" *Aquino*, 2020 WL 1847783, at *2 (quoting *Camacho*, 2019 WL 3838395, at *2).  This Court respectfully disagrees, since the Supreme Court has repeatedly emphasized that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (quoting *Engle*, 456 U.S. at 130 n.35).  In any event, after finding cause, those courts also found that the defendants were prejudiced because there was insufficient factual support for the valid predicates at issue in each case.  Mizell's case is clearly distinguishable from these other cases, since, as explained above, there was ample factual support for Mizell's drug trafficking predicate, thereby defeating his claim of "actual innocence."  Therefore, the Court finds that Mizell has not met the "demanding" standard, *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013), required to show that he is actually innocent of the crimes charged.

## CONCLUSION

Accordingly, for the reasons stated above, Mizell's motion under 28 U.S.C. § 2255 is denied.  The Clerk is respectfully directed to terminate the motions pending at docket numbers 929 and 989 of 14-cr-212 (RJS), as well as docket number 15 of 19-cv-6849 (RJS), and to close case 19-cv-6849 (RJS).

SO ORDERED.

Dated:     May 6, 2020
           New York, New York

_____
RICHARD J. SULLIVAN
United States Circuit Judge
Sitting by Designation